Laura M. LUCAS, Plaintiff,

v.

Lee CANNON, as Sheriff of Pasco County, Defendant.

No. 94–186–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

March 29, 1994.

Howard Leon Garrett, Garrett & Garrett, P.A., Tampa, FL, for plaintiff.

Ronald A. Labasky, Parker, Skelding, Labasky & Corry, Tallahassee, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before this Court on Defendant, Lee Cannon's motion to dismiss. This action was removed, from the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, to this Court by Defendant on February 1, 1994, pursuant to 28 U.S.C. §§ 1441(b), 1443.

## STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to review the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## FACTS

Plaintiff, Laura Lucas, alleges she was falsely arrested by Deputy Ferguson on February 6, 1993. As a result of the arrest Plaintiff was imprisoned in the Pasco County Jail. Plaintiff claims that the statements made by Deputy Ferguson in the affidavit used to secure the warrant against her were false, and, were known by Deputy Ferguson to be false. Deputy Ferguson is not named as a defendant in this cause.

## COUNT I—STATE CLAIM

Plaintiff, in Count I of her complaint, alleges malicious prosecution and false arrest. This Court may assert pendant jurisdiction over the state claim.

On May 17, 1993, pursuant to Fla.Stat. § 768.28, Plaintiff filed notice of her claim to the Sheriff of Pasco County and to the Florida Department of Insurance. On July 27, 1993, the Florida Sheriff's Insurance fund notified Plaintiff of its denial of Plaintiff's claim against Defendant.

Defendant contends that he cannot be named in this cause, under Fla.Stat. § 768.-28, because the language of the statute precludes suit against him as a government official, where the actions which give rise to the suit are "based upon the allegations of wrongful and malicious actions on the part of Deputy Ferguson."

Plaintiff asserts that for the purposes of § 768.28(9)(a), Defendant and Deputy Ferguson are "one and the same." However, Plaintiff also argues that the actions brought against Defendant Cannon are neither based on respondeat superior, nor vicarious liability. Moreover, Plaintiff asserts that the complaint was couched, quite carefully, in terms which do not state a claim against Defendant Cannon personally.

A careful reading of the statute reveals the conditions which must exist in order to waive sovereign immunity in tort actions. The statute reads in pertinent part:

No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event or omission of action in the scope of his employment or function, unless such officer, employee or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

■ Paragraph 8 (eight) of Plaintiff's complaint states the following:

The statements of Ferguson contained in the complaint and probable cause affidavit were false and were known to Ferguson to be false, and the same were made by him intentionally and maliciously, or with reckless disregard of Plaintiff's legal rights, with the knowledge and intent that Plaintiff would be imprisoned and criminally prosecuted as a result thereof.

After careful review, this Court is of the opinion that Plaintiff has failed to state a cause of action under § 768.28 against Defendant Cannon. The complaint names Defendant Lee Cannon, not Deputy Ferguson. Absent allegations that Defendant Cannon had any personal responsibility in the acts of Deputy Ferguson, Count I of Plaintiff's complaint fails as to Defendant Cannon.

## COUNT II—FEDERAL CLAIMS

■ Courts have held that under the civil rights statutes a complaint will be held to a greater degree of specificity then one which falls solely under Fed.R.Civ.P. 8(b), requiring simply a plain, short statement of the facts. In a civil rights action, more than mere conclusory allegations are required. A complaint will be dismissed as insufficient where the allegations are vague and conclusory. *Carter v. Thompson*, 808 F.Supp. 1548, 1553 (M.D.Fla.1992), citing, *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir.1984).

■ Plaintiff in Count II asserts violations of 42 U.S.C. §§ 1981, 1983, 1988. Plaintiff fails to state a cause of action under § 1981 because the complaint is totally devoid of any allegations of discrimination.

■ The § 1983 allegation must also fail. This Court is aware of the threshold inquiry into a § 1983 allegation as set forth in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct.

1908, 68 L.Ed.2d 420 (1981). The two elements a plaintiff must allege in bringing an action under § 1983 are:

    1.   whether the conduct complained of was committed by a person acting under color of state law, and

    2.   whether this conduct deprived a person of rights, privileges, or immunities secured by the constitution of the United States.

Plaintiff in ¶ 16 of her complaint alleges:

    "The acts described in paragraphs 1 through 10 constitute an unlawful arrest and malicious prosecution, all in violation of the 1st, 4th, 5th, and 14th Amendments to the Constitution and 42 U.S.C. Sections 1981 and 1983."

This statement may or may not be true as to Deputy Ferguson, but as to Defendant Cannon, the only defendant named, the complaint fails to state a cause of action. Plaintiff has failed to allege a nexus between the actions of Deputy Ferguson, and any custom, policy, or personal involvement, of Defendant Cannon. Indeed, this Court agrees with the Defendant in that the complaint states a cause of action under respondeat superior, which is expressly denied under § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Had Plaintiff stated with specificity in her complaint, for instance, Defendant Cannon was instrumental in obtaining the warrant, and was aware of false allegations in the affidavit, a cause of action might lie against Defendant Cannon under § 1983. *Baskin v. Parker,* 602 F.2d 1205 (5th Cir. 1979). Because this Court is dismissing the § 1981 and § 1983, there is no need to address the § 1988 issue.

    Accordingly it is

    **ORDERED** that the Motion to Dismiss be **granted** and the Complaint against Lee Canon be **dismissed.**

    **DONE AND ORDERED.**