Jack CUMMINGS, Ralph Best, Billy Rodgers, Bruce Henry and Terry M. Walters, Plaintiffs–Appellees,

v.

DeKALB COUNTY, James Pierce, Cliff Pruett and Richard Conley, Defendants–Appellants.

No. 93–8585.

United States Court of Appeals, Eleventh Circuit.

July 5, 1994.

[redacted]

Joan Frances Roach, Robert Harold Walling, Office of DeKalb Cty. Atty., Decatur, GA, Susan Cole Mullis, Jonathan Weintraub, Atlanta, GA, for defendants-appellants.

Ralph S. Goldberg, Atlanta, GA, for plaintiffs-appellees.

[redacted]

Before KRAVITCH and CARNES, Circuit Judges, and HAND *, Senior District Judge.

HAND, Senior District Judge.

In this action, former employees of the DeKalb County Public Works asserted claims under 42 U.S.C. § 1983 for First Amendment (free speech and association) and Fourteenth Amendment (substantive due process and equal protection) violations, as well as state law constitutional claims, arising from their termination pursuant to a reduction-in-force in which the thirty-four positions comprising the Planning & Engineering Division of the Water & Sewer Department were eliminated. These claims were asserted against DeKalb County as well as James Pierce, the former Executive Assistant to the Chief Executive Officer of DeKalb County, Cliff Pruett, the former Associate Director of the Water & Sewer Department, and Richard Conley, the Director of the DeKalb County Merit System and Personnel Administration Department. Pierce, Pruett and Conley were sued in their individual and official capacities.

The district court granted summary judgment in favor of the defendants on plaintiffs' free speech and equal protection claims and in favor of DeKalb County on plaintiffs' state law claims. The district court denied summary judgment to each of the defendants on plaintiffs' freedom of association and substantive due process claims. The district court also denied summary judgment to Pierce, Pruett and Conley on their claims for legislative and qualified immunity and plaintiffs' state law claims. It is from this order that defendants appeal.[1] We reverse the denial of summary judgment for the defendants.

## I. BACKGROUND

Jack Cummings, Ralph Best, Billy Rodgers, Bruce Henry and Terry Walters, former employees of the DeKalb County Public Works, Water & Sewer Department, Planning & Engineering Division, were terminated in March 1990 when the DeKalb County Board of Commissioners (Board) adopted the 1990 County budget recommended by the then Chief Executive Officer of DeKalb County (CEO), Manuel J. Maloof. The budget contained a proposal to reorganize the Water & Sewer Department by eliminating the 34 positions in the Planning & Engineering Division, transferring certain functions of the Planning & Engineering Division to the Construction & Maintenance Division, and adding 12 new positions to the Construction & Maintenance Division to accommodate the new job duties and responsibilities. The total reduction-in-force therefore consisted of 22 employees. Cliff Pruett, the former Associate Director of the Water & Sewer Department and a named defendant in this action, recommended this overall reorganization of the Water & Sewer Department to Maloof, who is not a party to this suit.

The Board, at its meeting on February 27, 1990, approved the CEO's recommended budget but adopted the recommendation of its own budget review committee that the Planning & Engineering Division not be eliminated pending further study. On March 5, 1990, pursuant to Section 15(a) of the DeKalb Organizational Act, CEO Maloof vetoed the action taken by the Board on February 27, 1990, and thus abolished all Planning & Engineering Division positions by eliminating any funding in the 1990 budget for

* Honorable W. B. Hand, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. No cross-appeal has been filed by the plaintiffs.

such positions. On March 13, 1990, the Board tried but failed to obtain the necessary two-thirds vote of the Board's total membership to override the CEO's veto. The Board did, however, extend to March 16, 1990, the effective date of termination for the employees whose positions were eliminated under the 1990 budget. The employees affected by this reduction-in-force were notified by Pruett on March 14, 1990, that their employment would be terminated effective March 16, 1990.[2] The termination notice was approved by James Pierce, a named defendant in this action, who was at that time the Executive Assistant to CEO Maloof.

The plaintiffs appealed their terminations and were granted a consolidated hearing on May 17–18, 1990, before the Personnel Review Panel, a body established by the DeKalb County Code to hear disciplinary actions and reduction-in-force appeals brought by permanent merit system employees. The Personnel Review Panel was comprised of three randomly selected county employees, none of whom were employed in the department of the appealing party. Plaintiffs were represented by counsel at this hearing, presented documentary evidence and both called and cross-examined witnesses. On May 21, 1990, the Personnel Review Panel unanimously affirmed plaintiffs' termination and made four specific findings of fact based on the testimony and evidence presented:

(1) [T]here was a decreasing need for planning, design and engineering functions. As a result, there was a shifting of emphasis which led to a reorganization within the Water & Sewer Division;

(2) Review of documents developed by the County Finance Dept. reflected that the elimination of the Planning & Engi-neering Section would result in greater cost control and a considerable annualized cost savings to the County;

(3) [T]he County Board of Commissioners did not appropriate funds for the continuation of the Planning and Engineering Section of the Water and Sewer Division for the year 1990;

(4) The Personnel Review Panel did not find, through any of the evidence submitted, that discrimination on the basis of age, difference of opinion, or any other non-merit factors were motivating reasons for the action taken against any of the appellants.

Exhibit E to Defendants' Motion for Summary Judgment. Plaintiffs did not appeal the panel's decision to the DeKalb County Superior Court as permitted under the DeKalb County Code. This lawsuit followed.

## II. JURISDICTION

■ This appeal presents issues of the individual defendants' entitlement to qualified immunity from plaintiffs' federal claims under 42 U.S.C. § 1983 and to state official immunity from plaintiffs' state law claims, both of which are immediately appealable. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985) (denial of a claim of qualified immunity is immediately appealable); *McKinney v. De-Kalb County,* 997 F.2d 1440, 1442 (11th Cir. 1993) (same); and *Griesel v. Hamlin,* 963 F.2d 338, 341 (11th Cir.1992) ("Because sovereign immunity under Georgia law is an immunity from suit … we have jurisdiction over the district court's order denying summary judgment based on sovereign immunity under Georgia law.").[3]

---

2. Pruett had earlier advised the employees in the Planning & Engineering Division by letter dated February 14, 1990, of the County's intent to terminate their employment effective February 27, 1990, if the budget passed, as part of a reduction-in-force.

3. Plaintiffs argue that we lack jurisdiction over any claim other than the claims of Pierce, Pruett and Conley for qualified immunity. Plaintiffs specifically contend that the denial of summary judgment on the state sovereign immunity claims of Pierce, Pruett and Conley is not appealable despite *Griesel,* because *Griesel* was incorrectly decided. Plaintiffs' contention that, contrary to *Griesel,* the state sovereign immunity claims constitute merely a defense from liability and not an immunity from suit is not supported by the Georgia cases cited in support thereof. *See e.g., Hennessy v. Webb,* 245 Ga. 329, 264 S.E.2d 878, 879 (1980) (" 'Any suit against an officer or agent of the State, in his official capacity, … is a suit against the State' … and **cannot be maintained** without its consent."); *Strickland v. Wilson,* 205 Ga.App. 91, 93, 421 S.E.2d 94, 96 (1992) ("the doctrine of official immunity may bar the suit."). Even if we agreed that *Griesel* was wrongly decided, we are nonetheless bound by that deci-

■ Despite plaintiffs' contentions to the contrary, we also find it appropriate to exercise our discretionary pendent jurisdiction to review the district court's denial of summary judgment to DeKalb County. *Andrews v. Employees' Retirement Plan of First Alabama Bancshares, Inc.*, 938 F.2d 1245, 1247–48 (11th Cir.1991) ("this court has jurisdiction to review a non-appealable aspect of a district court order when that order is otherwise properly before the court."); *Stewart v. Baldwin County Bd. of Educ.*, 908 F.2d 1499, 1509 (11th Cir.1990) (considerations of judicial economy support the exercise of pendent jurisdiction over the sovereign immunity issue); *Broughton v. Courtney*, 861 F.2d 639, 641 (11th Cir.1988) (issues pendent to the immunity issue may be heard in order to avoid an unnecessary trial).

## III. STANDARD OF REVIEW

■ The issues pertaining to Pierce's, Pruett's and Conley's entitlement to summary judgment based on qualified or official immunity are reviewed *de novo*. *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1556 (11th Cir.1993). Defendants' entitlement to summary judgment on those claims not barred by immunity is also reviewed *de novo* inasmuch as we "are bound by the same standards that governed the district court on the summary judgment motion below." *Reserve, Ltd. v. Town of Longboat Key*, 17 F.3d 1374, 1377 (11th Cir.1994), *citing, Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990); *Lowe v. Aldridge*, 958 F.2d 1565, 1569 (11th Cir.1992). *See also, Leeks v. Cunningham*, 997 F.2d 1330, 1332 (11th Cir.1993) ("In deciding whether the district court erred, our task, as was the trial court's, is to ascertain whether the record reveals that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law.").

## IV. DISCUSSION

### A. Walters' claim against Conley

■ The only claim pursued against Richard Conley, the Merit System Director, is a claim that Conley violated Terry M. Walters' "liberty right to seek a voluntary demotion" (Appellees' Brief at 12) by impermissibly conditioning Walters' acceptance of a demotion on Walters' waiver of any right to sue the defendants in connection with his termination. Walters contends that, pursuant to Ordinances 20–123 and 20–127 of the DeKalb County Code,[4] he "sent a letter saying he would accept a demotion (R–2–13, Walters affidavit), although the letter is not in the record, but he wanted to retain all rights of appeal of any kind; either in the Department, the County, and the Georgia and Federal Courts." (Appellees' Brief at 13). Conley responded to Walters' letter by advising him that "[u]sing the statement 'will accept' is not acceptable nomenclature to have a voluntary demotion personnel action effected as such implies that the employees in some way have been required to accept demotion." (Appellees' Brief at 13).

The county ordinances relied upon by Walters require an employee to request a demotion and permit, rather than mandate, the head of a department to grant such a request. Walters "acceptance" of a demotion while essentially threatening to sue defendants in connection with the very circum-

---

sion. *See e.g., Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc); *Myrick v. Freuhauf Corp.*, 13 F.3d 1516, 1521 (11th Cir.1994). Plaintiffs also misapply the jurisdictional limitations identified in *McKinney v. DeKalb County*, 997 F.2d 1440, 1442 (11th Cir. 1993), namely that "sovereign immunity does not shield governmental entities from suit in a § 1983 action alleging inadequacy of an official policy or custom." It is Pierce, Pruett and Conley, and not defendant Dekalb County, who seek entitlement to state official immunity from plaintiffs' state law claims.

4. DeKalb County Ordinance 20–123 permits the filling of a vacancy by the transfer of a perma-

nent or probationary employee from another identical or comparable class. In contrast, DeKalb County Ordinance 20–127 provides:

A permanent or probation employee **may request** appointment to a lower class, and the department head **may make the demotion** subject to the limitations applicable to transfers. A department head **may demote** a permanent ... employee when a shortage of work or funds, the abolition of a position, or other material change in duties or organization necessitates the action.

(Emphasis added).

stances which led to such demotion does not constitute by any stretch of the imagination a request for a demotion. Consequently, Conley has violated no "clearly established statutory or constitutional rights of which a reasonable person would have known" with respect to Walters and is thus entitled to qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Post,* 7 F.3d at 1556. The district court erred in failing to grant summary judgment in favor of Conley.

### B. First Amendment Association Claims

Plaintiffs claim that Pierce, Pruett and De-Kalb County violated their First Amendment right to associate with Maury Winkler, who was also terminated when the Planning & Engineering Division was eliminated but is not a party to this litigation. It is the plaintiffs' contention that the elimination of the Planning & Engineering Division was solely a ploy to get rid of Maury Winkler.

■ There exists two different forms of association which are granted special protection under the First Amendment: to-wit: "intimate association" and "expressive association." *McCabe v. Sharrett,* 12 F.3d 1558, 1562–63 (11th Cir.1994), *citing, Roberts v. United States Jaycees,* 468 U.S. 609, 617–18, 104 S.Ct. 3244, 3249–50, 82 L.Ed.2d 462 (1984); and *City of Dallas v. Stanglin,* 490 U.S. 19, 23–25, 109 S.Ct. 1591, 1594–95, 104 L.Ed.2d 18 (1989). As emphasized in *McCabe:*

> At a minimum, the right of intimate association encompasses the personal relationships that attend the creation and sustenance of a family—marriage, childbirth, the raising and education of children, and cohabitation with one's relatives. [*Roberts,* 468 U.S.] at 619, 104 S.Ct. at 3250. Whether the right extends to other relationships depends on the extent to which those attachments share the qualities distinctive to family relationships, such as 'relative smallness' and 'seclusion from others in critical aspects of the relationship.' *Id.* at 620, 104 S.Ct. at 3250. The right of expressive association—the freedom to associate for the purpose of engaging in ac-

tivities protected by the First Amendment, such as speech, assembly, petition for the redress of grievances, and the exercise of religion—is protected by the First Amendment as a necessary corollary of the rights that the amendment protects by its terms.... Therefore, a plaintiff ... can obtain special protection for an asserted associational right if [he] can demonstrate either that the asserted association closely enough resembles a family relationship to be protected by the right to intimate association, or that the purpose of the association is to engage in activities independently protected by the First Amendment.

*McCabe,* 12 F.3d at 1563.

■ As applied to this action, plaintiffs have neither alleged in their complaint nor presented any evidence to establish the existence at any time of an association between any of the plaintiffs and Maury Winkler which is entitled to special constitutional protection. Consequently, neither Pierce nor Pruett has violated any "clearly established statutory or constitutional rights of which a reasonable person would have known" with respect to plaintiffs and each is thus entitled to qualified immunity. *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738; *Post,* 7 F.3d at 1556. Plaintiffs have also failed to establish any basis on which DeKalb County could be held liable under § 1983 for a violation of plaintiffs' rights to associate. The district court erred in failing to grant summary judgment in favor of Pierce, Pruett and DeKalb County on plaintiffs' freedom of association claims.

### C. Substantive Due Process Claim

■ Plaintiffs' claim that the defendants violated their substantive due process rights is now precluded by *McKinney v. Pate,* 20 F.3d 1550 (11th Cir.1994) (en banc).[5] As stated in *McKinney,* "[b]ecause employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection." *Id.* at 1560. Consequently, defendants Pierce, Pruett and DeKalb County are entitled to summary judgment on plaintiffs' substantive due process claims.

---

**5.** Unlike *McKinney,* plaintiffs do not allege a vio-    lation of procedural due process rights.

### D. Section 1983 Claims

In order for the plaintiffs to avoid summary judgment in favor of the defendants on their claims under 42 U.S.C. § 1983, they were required to show "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir.1990), *quoting, West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). *See also, Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) ("§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred'."), *quoting, Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979). For the reasons stated above, plaintiff failed to show a violation of any right secured by federal law. Consequently, the district court erred in denying defendants' motion for summary judgment on plaintiffs' § 1983 claims.

### E. State Law Claims against the Individual Defendants

The parties agree that the proper standard of immunity to be applied under Georgia law to the discretionary acts of Pierce, Pruett and Conley is stated in *Hennessey v. Webb*, 245 Ga. 329, 330–331, 264 S.E.2d 878, 880 (1980), namely:

> [W]here an officer is invested with discretion and is empowered to exercise his judgment in matters brought before him, he is ... usually given immunity from liability to persons who may be injured as the result of an erroneous decision; provided the acts complained of are done within the scope of the officer's authority, and **without wilfulness, malice, or corruption.**

(Emphasis in original). *See also, City of Atlanta v. Chambers*, 205 Ga.App. 834, 839, 424 S.E.2d 19, 24 (1992) ("The record in the present case is utterly devoid of any conduct by [the Commissioner] which could remotely be construed as being sufficient to lift the shield that protects officers acting colore officii.").

Plaintiffs do not dispute that the acts complained of with respect to Pruett and Pierce, to-wit: the recommendation regarding reorganization and the approval of the letter of termination, respectively, were discretionary. Plaintiffs do argue that Conley's action was not discretionary because his "duty was simply to process [Walter's] transfer request[ ]," (Appellees' Brief at 46), but such argument is, for the reasons discussed above, without merit.

The district court's decision to deny Pierce's, Pruett's and Conley's motion for summary judgment on the state law claims was predicated solely on the conclusion that a genuine issue of material fact exists as to "whether [the individual] defendants wilfully and/or maliciously violated plaintiffs' constitutional rights." (District Court's Order at 26). However, plaintiffs submitted no evidence from which malice could be inferred relative to Conley's actions. Plaintiffs did submit as evidence of malice on the part of Pierce and Pruett two affidavits alleging certain statements by Pierce and Pruett relating to Maury Winkler.[6] There is, however, no evidence of any animus towards the plaintiffs by Pierce or Pruett or towards either Maury Winkler or the plaintiffs on the part of the Board of Commissioners, the persons ultimately responsible for the reduction-in-force.

Contrary to plaintiffs' assertions, the Board of Commissioners was ultimately responsible for the decision to reorganize and to eliminate the Planning & Engineering Division by its failure to override the CEO's veto as provided by Section 15(b) of the

---

**6.** In one affidavit, Pearson G. Sides, an engineer in the former Planning and Engineering Division who is not a party herein, testified to being the recipient of the following statement by defendant Pierce: "A lot of people have tried to get Maury and it didn't stick. I'm going to get him, and it's going to stick because I'm a lot smarter than they were." Sides does not indicate either a date or time at which this alleged statement was made. In the other affidavit, Bruce Henry, a plaintiff herein, testified to having overheard "in the winter of 1988," approximately two years prior to the reduction-in-force at issue in this litigation, a statement by Pruett that he would give Gwinnett County capacity in the Pole Bridge Plant if they would take Maury Winkler off his hands.

DeKalb County Organizational Act. Pierce and Pruett lacked any authority to implement such a plan. The district court therefore erred in its conclusion that, by virtue of Pruett's recommendation to CEO Maloof and Pierce's mere approval of the termination letters sent by Pruett, Pierce and Pruett possessed final decision-making authority "in regard to plaintiffs' termination." (District Court's Order at p. 19).

■ Even if Pierce and Pruett had been vested with the ultimate authority to implement the reorganization plan and terminate the plaintiffs, the evidence proffered by the plaintiffs is insufficient to create a question of fact concerning malice in connection with the reorganization. In their affidavits, Pearson G. Sides does not state when Pierce made the alleged statement about Maury Winkler while Bruce Henry admits that the alleged statement by Pruett was made "in the winter of 1988," approximately two years prior to the reduction-in-force at issue in this litigation. There exists, therefore, no evidence in this record to intimate that these statements were made within a time frame relevant to the reorganization and reduction-in-force at issue in this case.[7]

Consequently, the district court erred in denying summary judgment in favor of not only Conley but Pruett and Pierce on plaintiffs' state law claims. Pierce, Pruett and Conley are entitled to state law immunity in connection with the recommendation regarding reorganization, the approval of the letter of termination and the failure to process Walters' letter as an application for demotion, respectively.

## CONCLUSION

Because we have determined that the individual defendants, Conley, Pruett and Pierce,

violated no clearly established statutory or constitutional rights of the plaintiffs, these individual defendants are entitled to federal qualified immunity from suit. Because we have also determined that no evidence was submitted from which the requisite malice could be inferred, Conley, Pruett and Pierce are also entitled to state law immunity from suit. Finally, because we have determined that plaintiffs have failed to demonstrate the existence of a genuine issue of material fact, each of the defendants is entitled to summary judgment on plaintiffs' first amendment association, substantive due process, § 1983 and state law claims. Accordingly, the district court's denial of summary judgment to Conley, Pruett, Pierce and DeKalb County on these claims is REVERSED and the case is REMANDED for the entry of a judgment consistent with this opinion.

---

7. Plaintiffs have submitted no evidence to establish that the business reasons given for the reorganization were not legitimate, such as evidence that any engineering positions, other than the 12 positions added to the Construction & Maintenance Division, were created subsequent to the elimination of their positions and that DeKalb County did not therefore enjoy the benefit of a total reduction-in-force of 22 employees in the Water & Sewer Department as planned by the reorganization. Although plaintiffs allege that a facsimile of the former Planning and Engineer-

ing Division has been reconstituted under the name of Production and Technical Services, no evidence has been presented to support this general contention. Nor have plaintiffs presented any evidence to establish that the 12 employees assigned to the Construction & Maintenance Division to accommodate the two functions of the former Planning & Engineering Division which were transferred to that division under the reorganization (private development review and surveying support) were required to perform any functions eliminated under the reorganization.