Edward Keith WHITE, Plaintiff,

v.

FLORIDA HIGHWAY PATROL, A DIVISION OF FLORIDA DEPT. OF HIGHWAY SAFETY & MOTOR VEHICLES, Bobby R. Burkett, David Kelly, Ronald D. Getman, Bruce A. Takach, James R. Motes, Dean Cassels and Willie Strickland, and Ten Unknown Officers of the Florida Highway Patrol, in their official and individual capacities, Defendants.

No. 95–310–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

June 10, 1996.

Douglas L. Wilson, Wilson Law Firm, Naples, FL, for plaintiff.

Henry A. Gill, Jr., Thomas Edward Allison, Attorney General's Office, Dept. of Legal Affairs, Tampa, FL, for defendants.

### ORDER ON DEFENDANTS' VARIOUS MOTIONS TO DISMISS

KOVACHEVICH, Chief Judge.

This action is before this Court on the following motion and response:

1. Defendant, Florida Highway Patrol, and the individual Defendants' motion to dismiss all counts (Dkt. 11).

2. Plaintiff's response in opposition to Defendants' various motions to dismiss. (Dkt. 20).

### STATEMENT OF CASE

This is an action for declaratory judgment, reinstatement and damages brought pursuant to 42 U.S.C. § 1981, alleging conspiracy to deprive and deprivation of due process on the basis of race. Additionally, Plaintiff alleges a violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff further alleges violation of state law, alleging conspiracy to deprive Plaintiff of his livelihood and asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiff also claims a violation of his First Amendment right to freedom of association. Furthermore, Plaintiff alleges all Defendants negligently investigated this matter and thus violated their duty of care.

### FACTS

Plaintiff has alleged the following facts in support of his complaint:

1. In 1991 Plaintiff, Edward Keith White, was employed as a state trooper by the Florida Highway Patrol on a probationary status.

2. In August 1991, Plaintiff asked Spencer Gowdy, a person known by Plaintiff to be a convicted felon, to do some repair work on Plaintiff's car.

3. Plaintiff alleges that Gowdy took Plaintiff's car without his permission, picked up Norman Banks, and proceeded at night to a street in Clewiston, Florida. Gowdy then sold a small amount of crack cocaine to Defendant Willie Strickland, an undercover police officer.

4. Defendant Strickland conveyed information about the drug deal to Defendant Cassels, a deputy sheriff with the Hendry County Sheriff's Office, and described the car Gowdy was driving.

5. Defendant Cassels then discussed this information with other deputies of the Sheriff's Office and one of the deputies advised Cassels that the car probably belonged to Plaintiff.

6. Defendant Cassels conveyed the possible identification of the vehicle to the Florida Highway Patrol.

7. The Florida Highway Patrol gave this information to Defendant Motes who obtained Plaintiff's address, went to his residence and obtained Plaintiff's license plate number off his vehicle. Defendant Motes then verified through a computer check that the vehicle belonged to Plaintiff.

8. Defendant Strickland met with Defendant Motes and identified Plaintiff, in a photo line-up, as a passenger in the car Spencer Gowdy was driving.

9. Plaintiff alleges that prior to the meeting to look over the photos, "someone" had informed Defendant Strickland which photo was Plaintiff's.

10. Plaintiff further alleges that Defendant Motes knew the identification of Plaintiff was false, and that the false identification "was part of a tacit or express conspiracy to get rid of the Plaintiff."

11. Plaintiff alleges that a substantial motivation of the alleged conspiracy was racial discrimination.

12. Defendant Motes interviewed several witnesses, and prepared an investigation report which allegedly grossly distorted the contents of the interviews, concluded that Plaintiff had

lied when he denied being present during the drug transaction, and recommended discipline.

13. Defendant Motes knew that the recommended discipline would likely mean termination because Plaintiff was still on probationary status.

14. Defendant Motes' report was sent to Defendant Takach, who forwarded the report to Defendant Burkett and Defendant Getman.

15. Allegedly none of the aforementioned Defendants in paragraph fourteen reviewed the interview transcripts attached to the report, and all of the aforementioned Defendants had a duty to do so.

16. Plaintiff alleges if Defendants had read the interview transcripts attached to the report they would have been put on notice that the investigation was improper, which would have led to facts suggesting that Plaintiff was the victim of racial discrimination, and was in any case innocent.

17. Defendant Getman presented the Motes report to a disciplinary board committee, comprised of the ten (10) unknown Defendant officers of the Florida Highway Patrol, who had the responsibility of recommending action to the Director of the Florida Highway Patrol.

18. Allegedly, the ten (10) unknown Defendant officers recommended dismissal without reviewing the interviews.

19. Defendant Burkett, acting on behalf of the Florida Highway Patrol, accepted the committee's recommendation and fired Plaintiff on October 11, 1991.

20. Allegedly, Defendants Takach and Burkett carelessly and recklessly did not read the report, which contained attachments contradicting the conclusions of Defendant Motes, and together with the remaining Defendants terminated Plaintiff in reliance on the conclusions, which were clearly erroneous.

21. Plaintiff alleges that the termination was based on racial discrimination and was consistent with a pattern of racial discrimination in the Florida Highway Patrol.

22. The same facts support common law counts of conspiracy and negligence.

23. Plaintiff further alleges Defendants also violated his right to freedom of association by terminating him for associating with a family he had known since childhood.

24. The investigation and termination allegedly caused Plaintiff emotional distress and economic injury, entitling him to damages and reinstatement.

### STANDARD OF REVIEW

On a motion to dismiss, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in a light most favorable to the Plaintiff. *Sofarelli v. Pinellas County,* 931 F.2d 718, 721 (11th Cir.1991). Although the Court must take the allegations in a complaint as true when reviewing motions to dismiss, it is not permitted to read into the complaint facts that are not there. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944–45, 92 L.Ed.2d 209 (1986); *Beck v. Interstate Brands Corp.,* 953 F.2d 1275, 1276 (11th Cir.1992).

In a civil rights action, more than mere conclusory allegations are required; a complaint will be dismissed where allegations are vague and conclusory. *Lucas v. Cannon,* 848 F.Supp. 168 (M.D.Fla.1994). In 42 U.S.C. § 1983 actions against individuals, factual details must be provided that demonstrate a violation of a clearly established right. *Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir.1992).

### DISCUSSION

### I. DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

Defendants argue that as a probationary employee, subject to discharge-at-will, Plain-

tiff did not have a property interest in his job with the Florida Highway Patrol. Defendants rely on an Eleventh Circuit Court of Appeals' case which states "a state employee who may be discharged at will under state law does not have a property interest in his continued employment and is not entitled to the protection of due process." *Blanton v. Griel Memorial Psychiatric Hospital,* 758 F.2d 1540, 1543 (11th Cir.1985). Additionally, Defendants argue they provided Plaintiff with a process that ensured his termination was not arbitrary or capricious, in providing a review of Plaintiff's case by at least thirteen (13) people.

Plaintiff argues that Defendants Motes, Cassels and Strickland have violated his property interest without due process of law by conspiring to prevent Plaintiff from obtaining permanent status with the Florida Highway Patrol. Plaintiff argues that he was denied minimal due process, which is afforded to even probationers, because Defendants discriminated against him due to his race.

Plaintiff asserts that his probationary position was a property right because of the process Defendants undertook in evaluating his possible termination. Plaintiff concedes that if his superior at Florida Highway Patrol was able to fire him on the spot then he would not have a § 1983 claim. However, since Florida Highway Patrol provided an extensive process of investigation, Plaintiff claims he has a property interest in his employment.

Plaintiff asserts that Defendant Willie Strickland knowingly made a false identification of Plaintiff as being present at a drug deal. Plaintiff asserts that Defendant Motes distorted his report on Plaintiff in furtherance of Plaintiff's termination. Plaintiff argues that these acts were motivated by racial bias and were compounded by the recklessness of other Defendants in the chain of command at Florida Highway Patrol. Plaintiff claims that Defendants' acts directly and proximately denied Plaintiff his right to a fair process in the enforcement of his contract rights. Plaintiff asserts Defendants are liable under §§ 1981 and 1983 for said violation of his contract rights.

The Fourteenth Amendment of the United States Constitution provides that "no state shall deprive any person of life, liberty or property, without due process of law." U.S. Constitution Amendment XIV, § 2.

■ To state a claim under 42 U.S.C. § 1981, Plaintiff must plead *facts* demonstrating:

(1) that the Plaintiff is a member of a racial minority,

(2) an intent to discriminate on the basis of race by the Defendant; and

(3) that the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).

*Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085, 1087 (2nd Cir.1993) (citing *Baker v. McDonald's Corp.,* 686 F.Supp. 1474, 1481 (S.D.Fla.1987), *aff'd* 865 F.2d 1272 (11th Cir.1988), *cert. denied,* 493 U.S. 812, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989)).

■ To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that some person, acting under color of state law, deprived Plaintiff of "rights, privileges, or immunities secured by the Constitution and Laws of the United States." 42 U.S.C. § 1983.

This Court agrees with Defendants on this issue and finds that Plaintiff has failed to state a claim for which relief can be granted. Plaintiff concedes that he was afforded an extensive review process in the evaluation of his termination and then asserts that he was denied minimal due process, even though Plaintiff was not entitled to due process as a probationary employee. To the extent that Plaintiff argues that his superior did not have the power to terminate Plaintiff on the spot, the facts alleged are not clear as to whether or not this is true in every instance. It appears from the record that Defendants afforded Plaintiff an extensive investigation due to the nature of the allegations. It is not clear whether Plaintiff would have been afforded such an investigation had the cause of termination been for some other violation.

■ Under § 1981 Plaintiff is required to plead facts that demonstrate intentional

discrimination against the Plaintiff due to his race. Plaintiff does not plead any facts demonstrating such an intent. Plaintiff merely draws conclusions. as to why his superiors acted in a way that would bring about Plaintiff's termination. Similarly, under § 1983, Plaintiff must prove that he was denied a right, privilege or immunity secured by the Constitution or laws of the United States by a person acting under color of law. *Whitehorn v. Harrelson,* 758 F.2d 1416, 1419 (11th Cir.1985). While it is clear that the Florida Highway Patrol Defendants were acting under color of law, Plaintiff has not sustained his burden of showing that Defendants deprived him of a property interest.

## II. FIRST AMENDMENT RIGHT OF FREEDOM OF ASSOCIATION

Defendants argue that Plaintiff fails to establish a claim under the First Amendment's Right to association. Defendants rely on the Eleventh Circuit decision of *Cummings v. DeKalb County,* 24 F.3d 1349, 1354 (11th Cir.1994) which sets forth the criteria necessary to extend such a right to other than family relationships. Defendants assert Plaintiff does not claim a familial relationship with the Gowdy family, which would afford Plaintiff protection of intimate association.

Plaintiff argues· that all Florida Highway Patrol Defendants deprived Plaintiff of the freedom of intimate association. Plaintiff asserts all Defendants concurred in his termination in substantial part because of Plaintiff's contact with a family who he had been intimately close to since childhood. Plaintiff also relies on *Cummings* and contends that his relationship with the Gowdy family fits the *Cummings* standard in that it "closely resembles a family relationship." *Cummings v. DeKalb County,* 24 F.3d at 1354.

 "There exists two different forms of association which are granted special protection under the First Amendment: 'intimate association' and 'expressive association.'" *McCabe v. Sharrett,* 12 F.3d 1558, 1562–63 (11th Cir.1994), (citing, *Roberts v. United States Jaycees,* 468 U.S. 609, 617–18, 104 S.Ct. 3244, 3249–50, 82 L.Ed.2d 462 (1984); *City of Dallas v. Stanglin,* 490 U.S. 19, 23–

25, 109 S.Ct. 1591, 1594–95, 104 L.Ed.2d 18 (1989)).

 The *McCabe* Court stated that "at a minimum, the right of intimate association encompasses the personal relationships that attend the creation and sustenance of a family—marriage, childbirth, the raising and education of children, and cohabitation with one's relatives." *See also, Roberts,* 468 U.S. at 619, 104 S.Ct. at 3250. "Whether the right extends to other relationships depends on the extent to which those attachments share the qualities distinctive to family relationships, such as 'relative smallness' and 'seclusion from others in critical aspects of the relationship.'" *Id.* at 620, 104 S.Ct. at 3250. *Cummings v. DeKalb County,* 24 F.3d 1349, 1354 (11th Cir.1994).

 This Court agrees with Defendants and finds once again that Plaintiff has failed to meet the pleading standard. Plaintiff merely states that he has known Gowdy's brother and the family since childhood. Plaintiff does not describe any details that assert that his association with the Gowdy family closely resembles a family relationship. Plaintiff also does not set forth any allegations that would permit this Court to extend this right to his association with the Gowdy family because he does not describe qualities distinctive to family relationships such as "relative smallness" and "seclusion from others in critical aspects of the relationship." *McCabe v. Sharrett,* 12 F.3d 1558, 1562–63 (11th Cir.1994).

## III. SUFFICIENCY OF 42 U.S.C. § 1981 AND § 1983 CLAIMS

Defendants argue that Plaintiff has failed to state a claim for which relief can be granted under 42 U.S.C. § 1981 or under § 1983. Defendants argue that Plaintiff has failed to show discrimination on account of Plaintiff's race. Defendants further argue that there is no mention of discriminatory purpose, or even whether or not Defendants were aware of Plaintiff's race. Defendants further contend that Plaintiff does not make any allegations as to how Defendant Motes knew that the identification was false or that Defendant Motes made an agreement with others to

conspire to deprive Plaintiff of his civil rights. Additionally, Defendants argue that Plaintiff's allegations show only carelessness or recklessness which is insufficient to show a conspiracy to violate 42 U.S.C. §§ 1981 or 1983.

Plaintiff argues that he is entitled to relief under 42 U.S.C. §§ 1981 and 1983 because all Defendants were acting under color of state law and their conduct deprived Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Duke v. Cleland*, 5 F.3d 1399 (11th Cir.1993), citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981). Plaintiff relies on *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983), which states that damages are awardable under 42 U.S.C. §§ 1981 and 1983 when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith*, 461 U.S. at 56, 103 S.Ct. at 1640 (1983).

Courts have held that under the civil rights statutes a complaint will be held to a greater degree of specificity then one which falls solely under Fed.R.Civ.P. 8(b), requiring simply a plain short statement of the facts. In a civil rights action, more than mere conclusory allegations are required. *Carter v. Thompson*, 808 F.Supp. 1548, 1553 (M.D.Fla. 1992), (citing, *Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir.1984)). A complaint will be dismissed as insufficient where the allegations are vague and conclusory. *Id.*

■ Once again this Court agrees with Defendants. Plaintiff fails to state a cause of action under § 1981 because the complaint is devoid of any facts which demonstrate racial discrimination. Assuming the allegations are true and looking at the Complaint in the light most favorable to Plaintiff, the Complaint merely states conclusions. Plaintiff does not show that Defendants were reckless or indifferent due to Plaintiff's race. Absent any facts supporting Plaintiff's conclusions, Plaintiff does not meet his pleading standard.

## IV. QUALIFIED IMMUNITY

Defendants argue that the acts of Defendants Motes, Burkett, Takach, Getman and the ten (10) officers of the disciplinary review board were within their scope of authority as assigned to them in the course of employment. Defendants further argue that they all had the discretionary authority to act or not act in the manner Plaintiff alleges.

Defendants also argue that although Plaintiff claims Defendant Motes conspired with others to deprive him of his Constitutional rights, the allegations are vague and conclusory and insufficient to defeat Defendant Motes defense of qualified immunity. Defendants also assert that Plaintiff's claim that Defendants Burkett, Takach, Getman and the ten (10) unknown officers of the review board had a duty to read the interview transcripts and failed to do so, is not a right afforded a probationary employee under federal or state law, or the Constitution.

Plaintiff argues that the qualified immunity defense is not available in equal protection cases involving racial discrimination because Defendants knew or should have known, as a matter of law, that racial discrimination is unconstitutional. *Ratliff v. DeKalb County*, 62 F.3d 338 (11th Cir.1995); *Smith v. Lomax*, 45 F.3d 402 (11th Cir.1995).

■ Qualified immunity protects officials performing discretionary functions from civil damages "insofar as their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *McCoy v. Webster*, 47 F.3d 404 (11th Cir.1995).

■ This Circuit established a two-step analysis for applying the *Harlow* qualified immunity test. *Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir.1983). First, "the defendant must prove that he was within the scope of his discretionary authority" when the allegedly wrongful acts occurred.... [T]hen, the burden shifts to the Plaintiff to demonstrate that the Defendant "violated clearly established Constitutional law." *Id.*

This Circuit interpreted discretionary authority to include an official's actions that "1)

were undertaken pursuant to the performance of his duties, and 2) were within the scope of his authority." *Jordan v. Doe,* 38 F.3d 1559, 1566 (11th Cir.1994).

■ While this Court recognizes that qualified immunity is not available in equal protection cases involving racial discrimination, this Court agrees with Defendants on this issue. Plaintiff's complaint merely states a conclusion and does not sufficiently plead facts which demonstrate racial discrimination on the part of Defendants. Therefore, at this juncture qualified immunity is not applicable until a well-pleaded complaint adequately alleges racial discrimination.

## V. THE ELEVENTH AMENDMENT

Defendants Burkett, Kelly, Getman, Takach, and Motes argue that to the extent Plaintiff sues Defendants in their official capacities, Plaintiff's claim is barred by the Eleventh Amendment. *Monell v. New York Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Defendants also assert that Plaintiff's claim against Defendants is for damages in their official capacity, and the Eleventh Amendment also bars such a claim. *Id.*

Plaintiff accepts that damages are not awardable against a state, or its officers in their official capacities and they are not amenable to suit in their official capacities. However, Plaintiff relies on *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) and contends that he is permitted back pay as an injunctive remedy. *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

■ The Eleventh Amendment bars suits against a state government by its own citizens in federal court. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Supreme Court held the Eleventh Amendment bars suits against a state brought under 42 U.S.C. § 1983 in federal courts. *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

■ While this Court agrees that it is permitted to award back pay as an injunctive remedy, this issue is not ripe given this

Court's granting of the Defendants' motion to dismiss.

## VI. PENDENT STATE CLAIMS

Defendants argue that Plaintiff's state claims should be dismissed against all Defendants because Plaintiff has failed to comply with conditions precedent in bringing his claim under Florida law. Defendants argue that under Florida's limited waiver of sovereign immunity, Plaintiff was required to file a notice of claim for his state conspiracy and negligence claims with the Florida Highway Patrol and the Florida Department of Insurance six (6) months before filing his lawsuit. Fla.Stat. § 768.28(6)(a). Additionally, Plaintiff failed to serve process on the chief executive officer of the Florida Highway Patrol and the Department of Insurance in violation of Fla.Stat. § 768.28.

Defendants' also move for dismissal of Plaintiff's state claims for conspiracy and negligence. Defendants argue that Plaintiff's claims do not establish bad faith, malicious purpose, or a wanton and willful disregard of human rights, safety or property. Fla.Stat. § 768.28(9)(a). Defendants also assert the statute of limitations bars Plaintiff for his tort action because there was not a notice of claim filed within three (3) years of when the action accrued. Fla.Stat. 768.28(6)(a).

Plaintiff concedes he did not comply with Fla.Stat. § 768.28, the notice of claim statute. However, Plaintiff relies on a 1990 Eleventh Circuit case which states that strict compliance with this statute is not necessary in certain circumstances. *Hattaway v. McMillian,* 903 F.2d 1440 (11th Cir.1990).

■ Section 768.28 of the Florida Code contains a limited waiver of sovereign immunity applicable to Plaintiff's complaint against Defendants. The section provides: "An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also ... presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency de-

nies the claim in writing.... The failure of the Department of Insurance or the appropriate agency to make the final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim for purposes of this section." Fla.Stat. § 768.28(6)(A) (1986), amended, 1988 Fla. Laws Ch. 88–173, § 2 (effective Oct. 1, 1988). In determining whether there has been waiver of sovereign immunity, the court should look at immunity provisions in effect at the time the cause of action accrued. *Kaisner v. Kolb*, 543 So.2d 732, 738 (Fla.1989).

This Court agrees with Defendants that Plaintiff has failed to comply with Fla.Stat. § 768.28. However, relying on this Circuit's decision in *Hattaway*, Plaintiff shall have **Ten (10) days** to amend his Complaint to show compliance with the statute. Accordingly, it is

**ORDERED** that Defendants Motion to Dismiss Plaintiff's State law claim against Defendants Strickland, Cassels, and Motes (Count III) be **GRANTED.**

**ORDERED** that Defendants Motion to Dismiss Plaintiff's claim against all Defendants for violation of the First Amendment Right of Freedom of Intimate Association (Count V) be **GRANTED.**

**ORDERED** that Defendants Motion to Dismiss Plaintiff's claim against Defendants Strickland, Cassels, and Motes for violation of the Fourteenth Amendment and 42 U.S.C. § 1981 (Count I) be **GRANTED.**

**ORDERED** that Defendants Motion to Dismiss Plaintiff's claim against Defendants Strickland, Cassels, and Motes for conspiracy to deprive Plaintiff of his livelihood in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983 (Count II) be **GRANTED.**

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's claim against all Defendants for deprivation of due process in violation of 42 U.S.C. § 1981 (Count IV) be **GRANTED.**

**ORDERED** that Defendants Motion to Dismiss Plaintiff's claim against all Defendants for negligently failing to exercise reasonable care in conducting Defendants inves-

tigation of Plaintiff's conduct (Count VI) be **GRANTED.**

**ORDERED** that Plaintiff shall have **Ten (10) days** to file an amended complaint which asserts facts that would negate the application of the statute of limitations pursuant to § 768.28, Fla.Stat., as to state claims, or those claims will be dismissed with prejudice, and to amend the complaint to cure all other noted deficiencies or those claims also will be dismissed with prejudice.

**DONE AND ORDERED.**