[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14303
Non-Argument Calendar

_____

D. C. Docket No. 02-02716-CV-RWS-1

YLIA LAVENDER,

Plaintiff-Counter-Defendant-Appellee,

versus

OFFICER RAYMOND BUNN,

Defendant-Counter-Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 2, 2006)**

Before DUBINA, HULL and COX, Circuit Judges.

PER CURIAM:

City of Atlanta Police Officer Raymond Bunn appeals the district court's

partial denial of his motion for summary judgment on claims asserted against him

by Ylia Lavender. Lavender asserts a Fourth Amendment excessive force claim and several state law claims arising out of a stop for violation of a Georgia anti-noise statute and the subsequent arrest. Bunn contends that qualified immunity is a complete defense to Lavender's excessive force claims and official immunity is a complete defense to all of Lavender's state law tort claims. (Appellant's Opening Brief at 5.) He argues that the district court erred when it found that, construing the facts in the light most favorable to the non-moving party, as it must in consideration of a motion for summary judgment, Bunn is not entitled to these defenses on any of Lavender's claims arising out of Bunn's allegedly excessive use of force.

As a preliminary matter, we consider a jurisdictional question. Lavender argues that this court does not have jurisdiction to review the partial denial of Bunn's motion for summary judgment as it is not a final decision. We reject that argument and find that we do have jurisdiction in a case such as this case, where the district court has held that, under the plaintiff's version of the facts, an officer has violated clearly established law. *See GJR Invs., Inc., v. Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998). The denial of summary judgment on the state law claims, based on a denial of official immunity, is also immediately appealable. *See Cummings v. DeKalb County*, 24 F.3d 1349, 1352 (11th Cir. 1994).

On the merits of the appeal, having considered the briefs and relevant parts of the record, we find error in the district court's partial denial of Bunn's motion for summary judgment as to only one claim. The district court correctly found that Bunn's acts in stopping and arresting Lavender were discretionary acts for which he is entitled to official immunity unless he acted with actual malice or intent to injure. Thus, as a matter of law, Bunn is entitled to official immunity as to the negligence claim set forth in the Complaint. (R.1-1.) We find no other error in the district court's order.

The order of the district court granting Bunn's motion for summary judgment in part and denying it in part is affirmed, except for the denial of summary judgment on the negligence claim set forth in the Complaint; as to the negligence claim, the denial of summary judgment is reversed.

AFFIRMED IN PART AND REVERSED IN PART.