[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10474
Non-Argument Calendar

_____

D. C. Docket No. 06-00858-CV-BE-S

ANDRE LAWSON,

Plaintiff-Appellee,

versus

SHERIFF CHRIS CURRY,
in his personal and official capacity,
CAPTAIN MIKUL SMITHERMAN,
in his personal and official capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 10, 2007)

Before BARKETT, WILSON  and PRYOR, Circuit Judges.

PER CURIAM:

Sheriff Chris Curry and Captain Mikul Smitherman appeal the district court's denial of their Fed.R.Civ.P. 12(b)(6) motion to dismiss, on the basis of qualified immunity, Count I[1] of Andrea[2] Lawson's amended complaint. This count was brought against them in their individual capacities pursuant to 42 U.S.C. § 1983, and related to alleged actions taken against Lawson by Curry and Smitherman in their supervisory roles at the Shelby County jail, where Lawson was employed.

In her initial six-count complaint, Lawson, a black female, made a variety of factual and legal allegations centering around the contention that she had been harassed, disciplined, and ultimately terminated because she dated white men and became pregnant by a white man. Curry and Smitherman, who are both white males, initially responded to the complaint with a motion for a more definite statement, which the district court granted. In her amended complaint, Lawson added material in response to the primary deficiencies noted by the district court,

---

[1] Curry and Smitherman also appealed the district court's denial of their motion to dismiss Count VI of Lawson's amended complaint. While we have jurisdiction to consider the qualified immunity issues presented as to Count I, we previously declined to exercise discretionary pendant jurisdiction over the issues presented as to Count VI, and, accordingly, dismissed that part of the appeal. Curry and Smitherman's request that we reconsider this earlier dismissal is DENIED.

[2] This case is captioned with "Andre Lawson" as the plaintiff because plaintiff's counsel misspelled Andrea Lawson's name in the caption of her initial complaint.

2

detailing in her factual allegations which defendant had taken which of the actions complained of and removing language from the final five counts of the complaint that incorporated every prior count into each subsequent one.

Curry and Smitherman moved to dismiss all six of Lawson's counts, and the district court granted the motion as to three counts and denied it as to three. Before us now is the district court's denial of Curry and Smitherman's motion to dismiss Count I, against which they asserted qualified immunity.[3] The district court found that Lawson had sufficiently alleged three claims of the violation of clearly established federal rights: (1) the right to be free from racial discrimination; (2) freedom of association under the First Amendment; and (3) the right to be free of sex discrimination.

On appeal, Curry and Smitherman argue that they were entitled to dismissal of Count I of Lawson's amended complaint because it failed to comply with our heightened pleading requirements for 42 U.S.C. § 1983 actions brought against defendants who can claim qualified immunity. "The determination of whether a complaint sufficiently states a claim is a matter of law that we review <u>de novo</u>. In

---

[3] Curry and Smitherman also appealed the district court's denial of their motion to dismiss Count VI of Lawson's amended complaint. While we have jurisdiction to consider the qualified immunity issues presented as to Count I, we declined to exercise discretionary pendant jurisdiction over the issues presented as to Count VI, and dismissed the appeal of the denial of the motion to dismiss that count. Curry and Smitherman's request that we reconsider this earlier dismissal is DENIED.

so doing, we use the same standard as the district court, accepting all allegations as true and construing facts in a light most favorable to the plaintiff." GJR Invs. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998).

Fed.R.Civ.P. 8(a) requires only that a claim for relief set out "a short and plain statement of the grounds upon which the court's jurisdiction depends," "a short and plain statement showing that the pleader is entitled to relief," and "a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). However, we apply a heightened pleading standard to § 1983 actions brought against individuals to whom qualified immunity is available as a defense. Swann v. S. Health Partners, Inc., 388 F.3d 834, 838 (11th Cir. 2004). "[W]hile Fed.R.Civ.P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." GJR Invs., 132 F.3d at 1367. "Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims." Id.

"Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for suit violates 'clearly established [federal] statutory

4

or constitutional rights of which a reasonable person would have known.'" Id. at 1366 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)) (alteration in original).

"At this stage in the proceedings, the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined. The Supreme Court has held that a 'necessary concomitant' to the question of whether a plaintiff has alleged a violation of a clearly established federal right is 'the determination of whether the plaintiff has asserted a violation of a constitutional right at all.' If a plaintiff has not sufficiently alleged a violation of any constitutional right, it is axiomatic that the plaintiff likewise has failed to allege the violation of a 'clearly established' right." GJR Invs., 132 F.3d at 1366-67 (citations omitted).

"It is beyond doubt" that there is a federal equal protection right to be free from racial discrimination, that this right is clearly established, and that it extends into the employment context. Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1478 (11th Cir. 1991). "[A] plaintiff must show a purpose or intent to discriminate in proving an equal protection violation based on racial discrimination." Id. at 1479 n.8. Discrimination based on interracial relationships constitutes discrimination based on race. Loving v. Virginia, 388 U.S. 1, 10-11, 87 S.Ct. 1817, 1823, 18 L.Ed.2d 1010 (1967). The First Amendment protects a person's

5

right to "intimate association," which encompasses, among other things, personal relationships relating to the creation of families. Cummings v. DeKalb County, 24 F.3d 1349, 1354 (11th Cir. 1994). Additionally, since at least 1979, it has been established that there is a federal equal protection right to be free from intentional sex discrimination in public employment. Snider v. Jefferson State Cmty. College, 344 F.3d 1325, 1331 (11th Cir. 2003). A plaintiff claiming an equal protection violation based on sex discrimination must show that the discrimination was purposeful. Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 272-74, 99 S.Ct. 2282, 2292-93, 60 L.Ed.2d 870 (1979).

After careful consideration, we find that the district court did not err in finding that Lawson had adequately pled her claims of racial discrimination and freedom of association, and that her complaint had complied with the heightened pleading requirements with regard to those claims. Lawson's claims of claims of racial discrimination and freedom of association, we find that her complaint meets the pleading requirements because (1) it advances readily intelligible legal arguments that Curry and Smitherman violated Lawson's rights to freedom of association and to be free from racial discrimination; and (2) pleads specific facts to support these claims, including facts about each defendant's particular conduct. See GJR Invs., 132 F.3d at 1366-67. Lawson's complaint alleges that she was

6

harassed, disciplined, and ultimately terminated for being involved in interracial relationships and for being pregnant with an interracial child. Her allegations of fact in support of these claims include a specific instance of harassment by Smitherman, other instances of harassment by other jail employees who were the defendants' subordinates, a specific instance of Lawson being put through disciplinary procedures for an action it was not even alleged that she was involved with, a specific instance of Lawson being singled out for discipline because of her race, specific complaints to Curry and Smitherman about the actions, and specific facts about her firing, such as Curry's interference in the process, the official reason she was terminated, and why that reason was allegedly pretextual. Accordingly, with regards to her claims relating to racial discrimination and freedom of association, Lawson has met the heightened pleading requirements for a § 1983 action and the district court's denial of the motion to dismiss based on qualified immunity is due to be affirmed.

However, the district court did err in its determination that Lawson had sufficiently alleged a claim of sex discrimination in Count I. Nowhere in the factual allegations or in Count I of the amended complaint did Lawson make a legal allegation that she was discriminated against on the basis of sex or make any factual assertion about any action being taken against her on account of her sex.

7

See Feeney, 442 U.S. at 272-74, 99 S.Ct. at 2292-93 (requiring purposeful, rather than incidental, sex discrimination for an equal protection violation to have occurred). The only oblique reference to sex discrimination in Lawon's brief is a reference to pregnancy discrimination, but this alone is not enough to raise a claim of sex discrimination. See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 271-72, 113 S.Ct. 753, 760-61, 122 L.Ed.2d 34 (1993) (noting that, under the Equal Protection Clause of the Fourteenth Amendment, distinctions based on pregnancy do not ipso facto constitute discrimination based on sex). Given the lack of any more specific references to sex discrimination in the complaint, we cannot find that Lawson has met the applicable heightened pleading requirements when it comes to her sex discrimination claim.

Accordingly, we AFFIRM the district court's finding that Lawson met the heightened pleading requirements for a § 1983 action and its denial of Curry and Smitherman's motion to dismiss Count I of Lawson's amended complaint as to Lawson's racial discrimination and freedom of association claims. However, we VACATE the district court's order to the extent that it allowed Lawson to proceed against Curry and Smitherman on Count I with a claim of sex discrimination.

**AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.**