**Imelda Russell ANDREWS,**
**Plaintiff–Appellee,**

v.

**EMPLOYEES' RETIREMENT PLAN OF FIRST ALABAMA BANCSHARES, INC., Defendant–Appellant,**

**Nancy S. Beckwith, Defendant.**

**No. 90–7683.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1991.

---

Celia J. Collins, E. Watson Smith, Mobile, Ala., for Employees Retirement Plan.

David A. Bagwell, Mobile, Ala., for Imelda Russell Andrews.

Before ANDERSON and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

CLARK, Circuit Judge:

## I.  FACTS

This appeal is concerned with an action for benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA").  The suit was initiated by Imelda Russell Andrews against Nancy S. Beckwith and the Employees Retirement Plan of First Alabama Bancshares, Inc. ("Plan").  Ms. Andrews sought recovery of ERISA benefits as the widow of Earl P. Andrews who was married to Ms. Beckwith at the time of his retirement, was later divorced from her, and then married Ms. Andrews.  The case was submitted to the district court on a stipulation of facts.  The district court directed that the spouse's benefits under the Plan be paid to Ms. Andrews, Earl Andrews' wife at the time of his death.  Ms. Andrews then moved for attorney's fees, and the district court entered judgment that the Plan pay attorney's fees and costs to Ms. Andrews.  The issue of the amount of fees and costs was not adjudicated in the trial court.

Following entry of judgment, Ms. Andrews and Ms. Beckwith entered into a settlement of record pursuant to which Ms.

Beckwith renounced her claim to the pension in return for release from any liability to Ms. Andrews for fees or costs. Ms. Andrews and Ms. Beckwith filed a joint motion pursuant to which Ms. Beckwith was dismissed with prejudice from the lawsuit.

On September 28, 1990 the Plan filed a notice of appeal from "the final judgment and opinion of the Court."

## II. DISCUSSION

### A. Settlement.

A review of the pleadings in the case reflects that, in response to plaintiff's complaint, the Plan filed its pleading entitled "Response of Employees Retirement Plan of First Alabama Bancshares, Inc. to Plaintiff's Complaint and Counterclaim and Crossclaim in Interpleader." The substance of the Response was that the Plan admitted most of the allegations in the complaint and admitted that it owed the proper beneficiary, to either Ms. Andrews or Ms. Beckwith, the balance of Mr. Andrews' benefits under the Plan. The Plan then alleged: "The Plan claims no interest in the accrued benefit of Earl Andrews in the fund but is a mere stakeholder." The pleading further stated that the Plan had filed a motion to allow it to pay into the registry of the court the monthly benefits due "until such time as the dispute herein has been resolved by the Court." The Plan also "demand[ed] judgment that Ms. Andrews and Ms. Beckwith be required to interplead and settle between themselves their rights to the accrued benefits ... and that the Plan be discharged from any other or further liability ... and recover reasonable attorney fees and their costs therein." [1]  On May 10, 1989, the district court granted the Plan's "Motion to Deposit Sums with the Court." [2]

It is obvious to us that the issue of whether Mr. Andrews or Ms. Beckwith should receive the Plan benefits is a moot issue. The two parties in the controversy were Ms. Andrews and Ms. Beckwith. As alleged by the Plan it had no interest in the case other than to be advised to which claimant it should make payment. The district court granted the exact relief requested by appellant; Ms. Andrews and Ms. Beckwith then entered into an agreement to conclude the controversy by Ms. Beckwith waiving her claim to the Plan benefits and agreeing not to appeal the district court's ruling; the Plan has nothing to complain about with respect to the disposition of the Plan benefits in Ms. Andrews' favor. The Plan makes a theoretical argument that, but for the settlement, Ms. Beckwith should have received the benefits, that this obviously relates to the relative merits of the parties' positions, and thus is relevant to the attorney's fees issue. Because of our resolution of the attorney's fees issue, see below, we need not and do not address the theoretical issue of whether Ms. Andrews or Ms. Beckwith theoretically should have received the Plan benefits.

### B. Attorney's Fees.

In granting plaintiff attorney's fees and costs, the district court did not determine the amount of such fees and costs. Plaintiff has filed a motion to dismiss the appeal as to the issue of attorney's fees, arguing that, prior to determination of that amount, the issue remains pending in the district court. [3]

■■■ We have held that an order holding a party liable for attorney's fees, absent determination of the amount of such fees, is not final and appealable. [4]  However, we also note that this court has jurisdiction to review a non-appealable aspect of

1. R1-12.

2. R1-19-2.

3. As to the appealability of the district court's beneficiary determination, this court clearly has appellate jurisdiction over a final appealable order on the merits, even though the amount of the attorney's fee remains to be adjudicated.

*Budenich v. Becton Dickinson and Co.,* 486 U.S. 196, 199–200, 108 S.Ct. 1717, 1720–1721, 100 L.Ed.2d 178 (1988); *Golub v. J.W. Gant & Associates,* 863 F.2d 1516, 1518 n. 1 (11th Cir.1989).

4. *See Fort v. Roadway Express, Inc.,* 746 F.2d 744, 747 (11th Cir.1984).

a district court order when that order is otherwise properly before the court.[5] Because we hold that the district court abused its discretion in granting plaintiff attorney's fees and costs, we see no practical purpose in delaying resolution of the attorney's fee issue until an amount determination can be made. In so concluding, we follow the lead of the sixth and seventh circuits in recognizing an exception to the non-appealability rule "when the order awarding fees in an amount not yet to be determined can be consolidated on appeal with a final order." [6]

■ Turning to the district court's exercise of discretion in awarding attorney's fees, this court has previously noted that ERISA, 29 U.S.C. § 1132(g)(1), does not establish criteria directing the court's determination of fee awards.[7] However, in *Iron Workers Local No. 272 v. Bowen*,[8] the former fifth circuit adopted five factors governing the district court's determination whether to award fees in an ERISA action:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question re-

garding ERISA itself; and (5) the relative merits of the parties' positions.[9]

■ Regarding the Plan's liability for attorney's fees in the district court, we find dispositive the lack of bad faith on the part of the Plan in recognizing its obligation to pay the proper beneficiary—either Ms. Beckwith or Ms. Andrews—under the Plan. Indeed, as discussed above, the Plan moved the district court for an order "authorizing the deposit into the registry of the Court the sum of $229.30 on a monthly basis until such time as the litigation herein is resolved." [10] Under these circumstances, we cannot agree that the defendants should be required to pay the plaintiff's attorney's fees in the district court, and we reverse the fee award on that basis.

### III. CONCLUSION

For the reasons stated above, we find that under the terms of the pro tanto settlement, Imelda Russell Andrews is entitled to receipt of the contingent beneficiary proceeds under the Plan. On the attorney's fee issue, we reverse the district court's award of trial fees.

REVERSED.

**5.** See *Stewart v. Baldwin County Board of Educ.*, 908 F.2d 1499, 1509 (11th Cir.1990); *Myers v. Gilman Paper Corp.*, 544 F.2d 837, 847 (5th Cir.1977).

**6.** *John v. Barron*, 897 F.2d 1387, 1390 (7th Cir. 1990); *see also Morgan v. Union Metal Mfg.*, 757 F.2d 792 (6th Cir.1985). In *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820 (7th Cir.1984), the court addressed the appealability of an order assessing liability for attorney's fees in an ERISA action in which the amount of the fees had not been determined. Noting the general rule that a judgment declaring a defendant liable to the plaintiff but not fixing the damage amount is not a final judgment, the court nevertheless reasoned:

But if we wait for that appeal before deciding whether *any* award should have been made we shall lose the chance to consider liability and (some) attorneys' fee issues at the same time, which we can do here because the order

holding that *Sadoff & Rudoy* was entitled to attorneys' fees was entered shortly after the final judgment and therefore the appeals from both could be and were consolidated without delaying either appeal.... These circumstances bring into play the Principle that "a court of appeals may, in the interest of orderly judicial administration, review matters beyond that which supplies appellate jurisdiction."
*Id.* at 826.

**7.** *See Nachwalter v. Christie*, 805 F.2d 956, 961 (11th Cir.1986).

**8.** 624 F.2d 1255, 1266 (5th Cir.1980).

**9.** *Id.* at 1266 (footnotes and citations omitted).

**10.** "Motion to Deposit Sums with the Court," R1–19–1.