**Rita W. FARRIS, Plaintiff,**

v.

**CENTURY PLANNERS, LTD., Defendant.**

**Civ. A. No. 93–1129–MLB.**

United States District Court, D. Kansas.

June 30, 1994.

subject to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Farris became a participant in the Maverick Plan when it was established.

Century Planning Ltd. (CPL) provides consulting services for businesses regarding health and pension plans and other benefit programs. On June 1, 1989, it entered into a contract with Nease Coated Fabrics, Inc., the plan sponsor under the Maverick Plan's predecessor, to provide claims processing services to the Plan Sponsor. Maverick failed to pay the monthly claim service fee it was obligated to pay CPL in February and March, 1990. CPL thereafter terminated the contract effective May 1, 1990.

Farris incurred approximately $13,000 in medical expenses in or around January, 1990. She unsuccessfully sought reimbursement under the Maverick Plan. Farris thereupon commenced the present lawsuit, alleging claims of breach of fiduciary duty,[1] knowingly participating with a fiduciary in a fiduciary breach of trust, and seeking statutory penalties for CPL's refusal to supply Farris with requested information.

Aronda S. Kerns, Wichita, KS, for plaintiff.

John J. Murphy, Foulston & Siefkin, Wichita, KS, for defendant.

### *MEMORANDUM AND ORDER*

BELOT, District Judge.

This case comes before the court on the parties' cross-motions for summary judgment, pursuant to Fed.R.Civ.P. 56. (Docs. 20 and 22).

Farris is a former employee of Langdon Manufacturing Company. Langdon provided medical benefits to its employees through the Nease Coated Fabrics Inc. Group Medical Plan (Nease Plan). The Nease Plan was the predecessor to the Maverick Plan, which was established on June 1, 1989. The Maverick Plan is an employee welfare benefit plan

### *Standards for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202

---

1. In her motion for summary judgment, Farris states that CPL *was not* a fiduciary of the Maverick Plan. (Doc. 21, Plaintiff's Statement of Uncontroverted Fact # 7) In her response to CPL's motion for summary judgment, Farris argues CPL *was* a fiduciary of the Maverick Plan. (Doc. 24, p. 7)

(1986). "Entry of summary judgment is mandated, after an adequate time for discovery and upon motion, against a party who 'fails to make a showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Aldrich Enters., Inc. v. United States,* 938 F.2d 1134, 1138 (10th Cir.1991) (quoting *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). Summary judgment is inappropriate, however, if there is sufficient evidence on which a trier of fact could reasonably find for the nonmoving party. *Prenalta Corp. v. Colorado Interstate Gas Co.,* 944 F.2d 677, 684 (10th Cir.1991).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact by informing the court of the basis for its motion. *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410, 1414 (10th Cir.1993). This burden, however, does not require the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. (emphasis in original). Once the moving party properly supports its motion, the nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Muck v. United States,* 3 F.3d 1378, 1380 (10th Cir.1993). The court reviews the evidence in a light most favorable to the non-moving party, *e.g., Thrasher v. B & B Chemical Co., Inc.,* 2 F.3d 995, 996 (10th Cir.1993), under the substantive law and the evidentiary burden applicable to the particular claim. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

### Discussion

■ Farris argues CPL breached its fiduciary duties by denying her the individual benefits that are due her under ERISA. CPL denies that it is a fiduciary. Even if the court were to find it is a fiduciary, CPL contends Farris would be precluded from recovering a money judgment by virtue of 29 U.S.C. § 1109, which bars an individual participant in a plan from maintaining a cause of action against a fiduciary for compensatory damages.

29 U.S.C. § 1109(a) provides in relevant part:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate . . .

Under this section, a breach of fiduciary duty claim under § 1109 can be brought only on behalf of the employee welfare benefit plan itself, not by plan participants suing in their individual capacities. *Walter v. Intern. Ass'n of Machinists Pension Fund,* 949 F.2d 310, 317 (10th Cir.1991). Farris does not seek recovery that would inure to the benefit of the Maverick Plan. Instead, she seeks recovery of her individual benefits. Individual claims for benefits can only be asserted against the plan. *See Rosile v. Aetna Life Ins. Co.,* 777 F.Supp. 862, 869 (D.Kan.1991), *aff'd* 972 F.2d 357 (10th Cir.1992). Farris' cause of action under § 1109 is therefore barred. *Simmons v. Southern Bell Tel. & Tel. Co.,* 940 F.2d 614, 617 (11th Cir.1991).[2]

■ Farris argues that CPL acted as a non-fiduciary and a party in interest and knowingly participated with a fiduciary, the plan sponsor, in a fiduciary breach of trust. CPL responds that the United States Supreme Court recently held such a claim is barred. *Mertens v. Hewitt Associates,* —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).

In *Mertens,* the plaintiffs were participants in their employers' qualified pension plan under ERISA. As a result of a large number of early retirements by plan participants, the employers' plan was underfunded and could not satisfy its benefit obligations. The plan was terminated, and the plaintiffs re-

---

**2.** In light of our holding, the court finds it unnec-essary to decide whether CPL is a fiduciary.

ceived only the benefits guaranteed by ERISA, which are substantially lower than the full vested pensions due them under the plan.

Plaintiffs sued the fiduciaries of the failed plan as well as the actuary. Against the latter, a nonfiduciary, they alleged it had breached its professional duties to the plan. Plaintiffs contended their suit against the actuary was authorized by 29 U.S.C. § 1132(a)(3)'s provision for "other appropriate equitable relief."

The Supreme Court found that in the context of ERISA, the term "equitable relief" did not extend to cover suits seeking monetary relief for losses sustained by a plan as a result of a breach of fiduciary duty. ____ U.S. at ____, 113 S.Ct. at 2067, 124 L.Ed.2d at 169. Accordingly, the Court held that ERISA did not authorize suits for money damages against nonfiduciaries who knowingly participate in a fiduciary's breach of fiduciary duty. *Id.* at ____, 113 S.Ct. at 2072, 124 L.Ed.2d at 174.

The court agrees with CPL that *Mertens* governs our holding. The court holds that Farris cannot recover against CPL for knowingly participating with a fiduciary in a fiduciary breach of trust.

■ Farris seeks statutory penalties under 29 U.S.C. § 1132(c)(1)(B) for CPL's alleged failure to supply her with a copy of the annual report and other plan documents. CPL responds that statutory penalties lie only against an "administrator" under ERISA.

29 U.S.C. § 1132(c) provides:

Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1002(16)(A) defines a plan "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated."

Statutory penalties under § 1132(c) can be imposed only against an administrator. *Vanderklok v. Provident Life and Acc. Ins. Co.,* 956 F.2d 610, 618 (6th Cir.1992); *Bass v. Prudential Ins. Co. of America,* 764 F.Supp. 1436, 1441 (D.Kan.1991). The uncontroverted facts establish that CPL is not the administrator of the Maverick Plan. The administrator is Diane Hoffman, the executive vice president of Maverick, who executed the plan on July 26, 1989. Nothing in the Administration Services Agreement controverts this fact.

Farris relies on *Sandlin v. Iron Workers Dist. Council Pension Plan,* 716 F.Supp. 571 (N.D.Ala.1988), for the proposition that liability under § 1132(c) extends to cover the agents of an administrator. In *Sandlin,* the plaintiff sued the pension fund itself for failing to respond to his request for information. The court held the pension fund's failure to provide a written response to the plaintiff's inquiries justified imposition of a penalty under § 1132(c). *Id.* at 573–74.

*Sandlin* provides no support for Farris' position. It does not hold that an administrator's agents can be held liable under § 1132(c). In the case at bar, it is uncontroverted that CPL is not an administrator. No liability can lie against it under § 1132(c).

■ CPL asks this court to exercise its discretion and award attorneys' fees under 29 U.S.C. § 1132(g). In *Andrews v. Employees' Retirement Plan,* 938 F.2d 1245 (11th Cir. 1991), the court restated a series of factors used to determine whether to award fees in an ERISA action:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA it-

self; and (5) the relative merits of the parties' positions.

*Id.* at 1248 (quoting *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir. 1980)).

The court finds the lack of merit in Farris' contentions to be significant and warrants the imposition of attorneys' fees. Farris persisted in maintaining her claims in the face of Supreme Court and Tenth Circuit authority directly refuting her position. Her counsel failed to even mention the controlling authority in her briefs. CPL notes in its brief that it provided Farris' attorney with legal authority supporting its position prior to filing its answer. Presumably this authority included the cases cited by CPL in its brief. A cursory review of these cases should have persuaded Farris' attorney of the dubious nature of her claims.

The court is also unimpressed with the diametrically opposed positions Farris takes in the summary judgment motions on the question of whether CPL was a fiduciary. While the Federal Rules of Civil Procedure contemplate the assertion of inconsistent claims in a pleading, Fed.R.Civ.P. 8(e)(2), at the summary judgment stage a party can be expected to identify her basic factual contentions.

The court is cognizant of the need to give attorneys, especially those who represent plaintiffs, latitude in advancing factual and legal theories. The court is also aware of Farris' plight. Her retirement pension has been jeopardized by the financial difficulties experienced by her former employer. However sympathetic the court may be to Farris' plight, it does not excuse subjecting a defendant to suit for claims expressly rejected by controlling authority. The actions of Farris' attorney caused CPL to expend unnecessary effort and resources in defending the instant lawsuit. The court finds an award of attorneys' fees to CPL under § 1132(g)(1) is appropriate under these circumstances.

The court directs CPL's attorney to submit within 10 days of this order a statement of fees incurred in connection with the summary judgment motions. Farris' attorney shall have 10 days to respond.

CPL's motion (Doc. 22) for summary judgment is granted and Farris' motion (Doc. 20) is denied.

IT IS SO ORDERED.