[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14846
Non-Argument Calendar
_____

D.C. Docket No. 1:11-23948-cv-FAM

ALEXANDRA H.,

Plaintiff-Appellant,

versus

OXFORD HEALTH INSURANCE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 15, 2019)

Before WILSON, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Alexandra H. appeals from the district court's denial of her motion for attorney's fees under 29 U.S.C. § 1132(g)(1), the fee-shifting provision of the Employee Retirement Income Security Act (ERISA).  After careful review of the record, we affirm.

I.

Alexandra was enrolled in an employee health care program insured by Oxford Health Insurance, Inc.  Her plan covered medical and mental health services—but only those that Oxford determined to be medically necessary.  Alexandra struggled with anorexia, and in December 2010, she entered a "partial hospitalization" program at an eating disorder treatment center.  Oxford provided coverage for the first three weeks of treatment.  After that, Oxford determined that partial hospitalization was no longer medically necessary and that Alexandra— who had gained three pounds and was eating 100% of her recommended diet— could safely transition to outpatient care.  Oxford denied further coverage for partial hospitalization.

Alexandra exhausted her internal appeals, all of which upheld Oxford's decision.  She also sought an external review under New York law, and a State-assigned independent reviewer agreed that partial hospitalization was not medically necessary.  Alexandra then sued Oxford in federal court, challenging the denial of benefits under ERISA.  The district court granted summary judgment to

2

Oxford, concluding that the external review precluded Alexandra from challenging Oxford's medical necessity determination under ERISA.  On appeal, however, this Court held that the external review did not preclude Alexandra's ERISA suit and remanded for further proceedings.  *See Alexandra H. v. Oxford Health Ins. Inc. Freedom Access Plan*, 833 F.3d 1299, 1316 (11th Cir. 2016).  On remand, the district court granted summary judgment in favor of Oxford on the merits, and we affirmed in an unpublished opinion.

Although she did not prevail in her underlying ERISA suit, Alexandra nevertheless moved for attorney's fees under ERISA's fee shifting provision.  She argued that while she "she did not achieve what she sought in bringing this action," she "did achieve a significant victory in the Eleventh Circuit" when this Court remanded the district court's first order granting summary judgment, and that she was therefore entitled to attorney's fees incurred up until that point.  The district court denied Alexandra's motion, and this appeal followed.

## II.

We review the denial of a motion for attorney's fees for "abuse of discretion."  *Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield of Ala.*, 41 F.3d 1476, 1485 (11th Cir. 1995).

In most lawsuits seeking relief under ERISA, the district court "in its discretion may allow a reasonable attorney's fee and costs of action to either

party." 29 U.S.C. § 1132(g)(1).  Even a losing party can move for attorney's fees under the statute.  *See Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010).  That said, because Congress did not "indicate clearly in § 1132(g)(1) that it 'meant to abandon historic fee-shifting principles and intuitive notions of fairness,'" a "claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)."  *Id.* at 252, 255 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 686, 694 (1983)).

If a party makes that threshold showing, five factors guide the district court's discretion in deciding whether to award fees:  "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; (5) the relative merits of the parties' positions."  *Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993).

No one factor "is necessarily decisive, and some may not be apropos in a given case."  *Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Const. Co.*, 932 F.2d 1443, 1453 (11th Cir. 1991) (internal quotation marks and citation omitted).  Although "it would be helpful if district courts specifically

4

referred to each of the . . . factors in their analysis, so long as a court's analysis takes these guidelines into account, it does not abuse its discretion by not enumerating each and every one." *Id.* "We hesitate to require the district court to do more than . . . list the factors and conclude that they do not favor an award of fees." *Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1269 (11th Cir. 2008).

Alexandra argued that she achieved "some degree of success on the merits" when this Court held that the external review did not preclude her ERISA suit and remanded for the district court to consider the merits of her claim. The district court disagreed, concluding that the Eleventh Circuit's decision was at best "a procedural success that did not result in success on the merits." In the alternative, the district court determined that the five *Freeman* factors did not weigh in favor of a fee award.

We need not decide whether Alexandra achieved some degree of success on the merits, because in any event, the district court did not abuse its discretion in denying her motion for attorney's fees based on the five factor analysis. Central to the court's reasoning was the fact that Alexandra's appellate victory against Oxford resolved a legal question of first impression. The district court therefore concluded that (1) Oxford did not act in bad faith by arguing that Alexandra's ERISA suit was precluded; (3) awarding fees would not have a useful deterrent effect as there was no bad behavior to deter; (4) even if the case presented a

5

significant legal question, Oxford should not be punished for litigating an unresolved point of law;[1] and (5) the relative merits of the parties' positions were too close to favor an award of fees.  Only factor (2) squarely favored Alexandra, because Oxford had the ability to satisfy an award of attorney's fees.

The district court "is in the best position to judge the propriety of awarding fees."  *Florence Nightingale*, 41 F.3d at 1485.  And here, the district court concluded that it would be inappropriate to award fees to Alexandra because Oxford had litigated a novel legal issue in good faith.  *See Andrews v. Employees' Ret. Plan of First Ala. Bancshares, Inc.*, 938 F.2d 1245, 1248 (11th Cir. 1991) (finding the absence of bad faith "dispositive" and reversing an award of attorney's fees).  We find no abuse of discretion in the district court's analysis.

## III.

The district court's order denying Alexandra's motion for attorney's fees is

**AFFIRMED.**

---

[1] Alexandra argues that because her case "resolved a significant legal question," factor (4) must weigh in her favor.  But significance can cut in favor of *or* against an award of fees.  Here, the district court cited *Nachwalter v. Christie*, where we concluded that factor (4) weighed "against awarding fees" because the case "resolved a significant legal question" of "first impression." 805 F.2d 956, 962 (11th Cir. 1986).  Alexandra theorizes that significance detracts from a fee request only when a plan provider seeks attorney's fees, citing ERISA's "purpose" of protecting plan beneficiaries.  But this Court has never said as much, and the district court did not abuse its discretion by applying precedent without Alexandra's proposed policy gloss.